UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MELISSA HAIGHT                                    JURY TRIAL DEMANDED

v.                                               CASE NO.  3:12CV

CREDIT MANAGEMENT CORPORATION
JOHN N. RICH

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Connecticut Creditor's Collection Practices Act, Conn. Gen. Stat. §36a-648 ("CCPA"), and the Connecticut Unfair Trade Practices Act, §42-110g (CUTPA).

2. The Court has jurisdiction. 15 U.S.C. § 1692k; 28 U.S.C. §1331, § 1367.

3. Defendant Credit Management ("CMC) is a Connecticut business entity.

4. CMC  is in the business of purchasing defaulted consumer debt.

5. CMC collects on the debt it purchases using means of interstate commerce, including the mail, internet, and telephone.

6. CMC has filed over 200 collection lawsuits in Connecticut state courts.

7. Defendant Rich is the managing partner and vice president of CMC.

8. Mr. Rich is responsible for establishing, reviewing, and overseeing its collection tactics, drafts and signs small claims suits, and represents CMC in small claims actions.

9. Mr. Rich from time to time uses the alias "John Nicholas" with a view toward hiding his identity or deceiving consumers about the size of CMC.

10. Plaintiff resides in Meriden CT and is a consumer within the FDCPA.

11. Plaintiff first learned about CMC when she received a small claims summons and

complaint.

12. The complaint recited that Mr. Rich had sent a letter to plaintiff on February 24, 2012. Plaintiff did not receive the letter.

13. Defendants appended to the small claims complaint documents that seem fabricated, claiming that CMC bought plaintiff's personal credit card account from Unifund, which bought it from Pilot Receivables, which bought it from multiple CitiFinancial entities "without recourse and without representations or warranties including, without limitation, warranties as to collectability."

14. Upon receipt of the small claims papers, plaintiff disputed the claim by letter to CMC dated April 6, 2012.

15. On July 16, 2012, at the small claims hearing, defendant handed plaintiff a letter dated May 28, 2012, purportedly showing information about the account.

16. Plaintiff had not received the letter of May 28, and believes it was withheld from her so she could not prepare adequately for the small claims hearing.

17. The documents show an original loan of $7,500 and payments of $5,441.46.

18.  At the small claims hearing, defendant Rich  attempted to browbeat the plaintiff into agreeing to pay an account she did not believe she owed to CMC, including a threat to file a complaint with the police for identity theft if she persisted in her denial and a false threat that if she went to trial without doing a settlement she would have to pay a lump sum and would not be given an opportunity to make payments.

19. Plaintiff has never received the notices required by §1692g.

20. CMC had a pattern and practice of  filing small claims suits without the proper

documentation mandated by P.B. §24-24 in the expectation that it would get a default judgment

21. Upon information and belief, Defendants have a pattern and practice of attempting to intimidate and browbeat consumers who appear to dispute the defendants' claim.

FIRST COUNT

22. In the collection efforts within one year prior to the date of this action, defendants violated the FDCPA, § 1692d, -e,–f(1), or -g.

SECOND COUNT

23. In the collection efforts within one year prior to the date of this action, defendants violated the CCPA.

THIRD COUNT

24. In the collection efforts within three years prior to the date of this action, defendants violated CUTPA by the actions described above.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, including $1,000 statutory damages against each defendant under the FDCPA, plus $1,000 statutory damages against each defendant under the CCPA, and actual and punitive damages against each defendant under CUTPA.

2. Award the plaintiff costs of suit and a reasonable attorney's fee.

3. Award such other and further relief as law or equity may provide.

THE PLAINTIFF

BY__/s/ Joanne S. Faulkner__
JOANNE S. FAULKNER ct04137
123 AVON STREET
NEW HAVEN, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net